IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cranel, Incorporated, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00766 |
| v. | : | Judge Graham |
| Pro Image Consultants Group, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

**ORDER**

This matter is before the Magistrate Judge on defendants Pro Image Consultants Group, LLC ("Pro Image"), Rick Morin and Frank Damico's August 30, 2013 motion to stay this civil action pending the outcome of a parallel criminal investigation concerning the same facts (doc. 8).

**I.    Allegations in the Complaint**

The complaint makes the following allegations. Plaintiff Cranel provides information technology solutions and services and enterprise content management to customer in the United States and Canada. Cranel offers an all-inclusive technology and maintenance service called V-CARE®. Cranel uses confidential and proprietary information to price the product. Cranel employed defendant Frank Damico as a district manager and, later, as a national sales manager. Damico communicated Cranel's pricing

1

information for V-CARE® to defendants Pro Image Consultants Group, LLC and Richard Morin. In the spring of 2012, Pro Image used the information to solicit Cranel's V-CARE® customers when their contracts were about to expire. Claims are pleaded for federal Computer Fraud and Abuse Act violations, RICO violations, Ohio corrupt activity in violation of Ohio Revised Code §§ 2923.31, *et seq.*, misappropriation of trade secrets, conversion, tortious interference with customer relations, unfair competition, breach of employee duty of loyalty, tortious interference with employment relations, and theft.

## II. Arguments of the Parties

### A. Defendants

On August 1, 2013, FBI agents served subpoenas on defendants Frank Damico and Rick Morin and seized documents and other items located on their cell phones and personal computers. Plaintiff filed this action on the same day, and defendants maintain that a comparison of the "Items to be Seized" in the Search and Seizure Warrant and the allegations in the complaint in this action make it apparent that the two events were undoubtedly coordinated.

Defendants maintain that defending against this civil action in addition to the criminal investigation will place an undue burden on Morin and Damico. Defendants' rights against self-incrimination under the Fifth Amendment will be irreparably damaged if this case proceeds. Defendants noted that the President of Cranel, Craig Wallace, resides next door to an FBI agent. Defendants believe that Wallace shared his

concerns that defendants were conspiring unfairly to compete with his company for business. Defendants also believe that the FBI agent was coerced by Wallace into launching a baseless investigation against Morin and Damico.

Defendants argue that they are entitled to a stay of this civil action in order to protect their constitutional rights to be free from self-incrimination and assure fair administration of justice by preserving the integrity of the criminal case. Defendants maintain that courts construe the Fifth Amendment right against self-incrimination broadly by holding that the privilege can be exercised whenever a witness reasonably believes that his testimony could be utilized in a criminal proceeding against him. Because of the complete overlap of the criminal investigation and this civil action, Morin and Damico reasonably fear that any statements that they make in this matter could potentially be used in any ensuing criminal action to incriminate them. Defendants maintain that the simultaneous filing of criminal and civil cases involving the same or closely related facts in particular give rise to Fifth Amendment concerns that may be sufficient to warrant a stay of the civil proceedings.

Defendants argue that Cranel does not need to proceed expeditiously and will not be prejudiced by a delay. Cranel has had knowledge of defendants' alleged conduct since July 2012 when it terminated Damico's employment. Instead, Cranel waited over a year to file this action, and plaintiff cannot credibly argue that a further delay will be prejudicial.

Defendants maintain that because of the similarities between the civil action and the criminal investigation, they either have to assert their Fifth Amendment rights and forfeit defenses in this action or take the risk that testimony in this action will be used against them in any criminal action that results from the pending FBI investigation. Defendants also argue that the government will gain an unfair advantage in the criminal proceeding by having discovery obtained in the civil action.

Pro Image will suffer prejudice if Morn and Damico elect to exercise their Fifth Amendment rights in this action in the event the case is not stayed. Although Pro Image has no privilege under the Fifth Amendment, its two principals, Morin and Damico, will not be able to offer anything in its defense.

### B. Plaintiff

Plaintiff Cranel agrees that a limited and conditional stay should be issued to the extent necessary to protect Morin and Damico's Fifth Amendment rights not to incriminate themselves. Cranel maintains that the case should only be stayed as to Morin and Damico and not as to Pro Image. Cranel also argues that the case should not be stayed as to third party discovery or motion practice between the parties.

Cranel maintains that its interests must be protected and requests that as a condition of any stay that defendants be ordered not to call on Cranel's customers during the pendency of the stay and that defendants be required to preserve their existing assets or post bond to protect any potential recovery by Cranel while disposition of the case is delayed. Plaintiff maintains that courts have broad discretion

in fashioning a stay, and although defendants' Fifth Amendment rights should be protected, a complete stay is not warranted.

Plaintiff maintains that its CEO does not live next door to an FBI agent and is not even aware whether an FBI agent resides in his neighborhood. Plaintiff also contends that no private citizen could direct the activities of the FBI, and at this point in the case, neither party knows the scope of the FBI investigation. The allegations in the complaint are far broader than any criminal case that could be brought on the same facts, and it is not credible to argue that there is a complete overlap of the civil action and the FBI investigation. Plaintiff argues that additional factors weigh against a complete stay. For instance, neither Morin or Damico have been indicted for any crimes.

### III. Discussion

Courts consider several factors when determining whether to stay a proceeding:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Baird v. Daniels*, No. 1;12-cv-945, 2013 WL 4008750, at * 1 (S.D. Oh. Aug. 5, 2013)(quoting *McCloskey v. White*, No. 3:09cv1273, 2011 WL 780793, at * 1 (N.D. Oh. Mar. 1, 2011).

Although it appears that there is significant overlap between the criminal case and the civil action, there has been no indictment of the defendants. *Sec. & Exch.*

*Comm'n v. Dresser Indus.*, Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.")

  The interests of the plaintiff in proceeding expeditiously are considerable. Plaintiff seeks to prevent defendants from misappropriating its proprietary and trade secret information and documents. Cranel also maintains that defendants should be required to preserve their assets or post a bond. The notion that plaintiff will be prejudiced by a failure to proceed expeditiously is contradicted by plaintiff's apparent delay in filing this action. Defendants maintain that plaintiff was aware of the underlying facts support its complaint as early as June 2012, but Cranel opted to not file this action until the execution of the subpoenas by the FBI. On the other hand, defendants' interests are great given their Fifth Amendment right against self-incrimination. The interests of the Court and the public, however, do not support a complete stay of this action.

  Rick Morin and Frank Damico's August 30, 2013 motion to stay this civil action pending the outcome of a parallel criminal investigation concerning the same facts (doc. 8) is GRANTED in part. I determine that a partial stay is warranted. The case is stayed as to Morin and Damico, but not as to Pro Image Consultants Group, LLC on the basis that corporate defendants have no Fifth Amendment rights. To the extent that Pro Image should conclude that it could not respond to requests for discovery or otherwise

defend itself without endangering the Fifth Amendment rights of defendants Morin and Damico, Pro Image should then file a motion for a protective order or other appropriate motion directed to specific discovery requests. However, the fact that documents in Pro Image's possession might incriminate Morin or Damico would not be a ground to resist a discovery request. It is only if the act of production might incriminate the person necessarily charged with producing the Pro Image documents that the person making the production might assert a Fifth Amendment privilege. Third party discovery may go forward as well as motion practice between the parties.

Plaintiff's request for an order prohibiting defendants from calling on Cranel's customers and requiring defendants to preserve assets or post a bond is premature. If plaintiff believes such an order is necessary, it should file a motion for a preliminary injunction.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge