IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cranel, Incorporated, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00766 |
| v. | : | Judge Graham |
| Pro Image Consultants Group, LLC, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**ORDER**

This matter is before the Magistrate Judge on plaintiff Cranel, Incorporated's ("Cranel") May 14, 2014 motion for a protective order and stay (doc. 54).

On December 9, 2013, defendant Frank Damico, Richard Morin, and Pro Image Consultants Group, LLC's ("Pro Image") motion to stay was granted in part. *See* doc. 23. The Order held

> The case is stayed as to Morin and Damico, but not as to Pro Image Consultants Group, LLC on the basis that corporate defendants have no Fifth Amendment rights. To the extent that Pro Image should conclude that it could not respond to requests for discovery or otherwise defend itself without endangering the Fifth Amendment rights of defendants Morin and Damico, Pro Image should then file a motion for a protective order or other appropriate motion directed to specific discovery requests. However, the fact that documents in Pro Image's possession might incriminate Morin or Damico would not be a ground to resist a discovery request. It is only if the act of production might incriminate the person necessarily charged with producing the Pro Image documents that the person making the production might assert a Fifth Amendment privilege.

> Third party discovery may go forward as well as motion practice between the parties.

Doc. 23 at PageID# 201-02.

## I.     Allegations in the Complaint

The complaint makes the following allegations. Plaintiff Cranel provides information technology solutions and services and enterprise content management to customers in the United States and Canada. Cranel offers an all-inclusive technology and maintenance service called V-CARE®. Cranel uses confidential and proprietary information to price the product. Cranel employed defendant Frank Damico as a district manager and, later, as a national sales manager. Damico communicated Cranel's pricing information for V-CARE® to defendants Pro Image Consultants Group, LLC and Richard Morin. In the spring of 2012, Pro Image used the information to solicit Cranel's V-CARE® customers when their contracts were about to expire. Claims are pleaded for federal Computer Fraud and Abuse Act violations, RICO violations, Ohio corrupt activity in violation of Ohio Revised Code §§ 2923.31, *et seq.*, misappropriation of trade secrets, conversion, tortious interference with customer relations, unfair competition, breach of employee duty of loyalty, tortious interference with employment relations, and theft.

## II.     Arguments of the Parties

### A.     Plaintiff Cranel, Incorporated

Shortly after FBI agents conducted searches of the homes of defendants Damico and Morin, defendants moved to stay this case pending the outcome of the federal

criminal investigation. At that time, Cranel consented to a partial stay except as to discovery to defendant Pro Image and third parties under the belief that the criminal proceedings against Morin and Damico would be resolved expeditiously. Because the federal investigation has taken longer than expected, Cranel now seeks a stay of the discovery. Cranel maintains that it has been prevented from obtaining discovery from Pro Image on the basis that it is a single-member limited liability company owned by Morin and counsel for defendants has indicated that any discovery directed toward Pro Image will be objected to on Fifth Amendment grounds.

On February 6, 2014, Pro Image served its first set of document requests comprising seven requests. Four days after Cranel's response, Pro Image served its second set of document requests seeking documents concerning 63 Cranel's employees, former employees, or independent contractors. After Cranel responded, Pro Image served its third set of document requests totaling 80 requests. Pro Image also served its first request for admissions and contingent interrogatories.

Cranel argues that Pro Image is using the partial stay as both a sword and a shield. Cranel seeks a protective order relieving Cranel of its obligation to respond to Pro Image's third set of document requests and first set of requests for admission until 30 days after the stay is lifted and staying the case in its entirety pending the resolution of the criminal matter in order to correct the one-sided situation that has resulted from the partial stay.

Cranel argues that although it has not served a single discovery request on any defendant, it has been tasked with responding to nearly one hundred distinct document requests, requests for admission, and contingent interrogatories. Cranel maintains that this is fundamentally unfair. Cranel only seeks to postpone discovery until defendants cease asserting the Fifth Amendment.

### B. Defendants Morin, Damico, & Pro Image Consultants

Defendants argue that the Court granted the request made by Cranel in its Order granting the partial stay, and now Cranel complaints that the partial stay is unfair and one-sided.

Pro Image maintains that it proceeded with discovery to ascertain facts from Cranel to defeat the allegations that it had stolen, disclosed and used trade secrets, to establish defendant's defenses, and to test the credibility of Cranel. Pro Image contends that its discovery requests have been neither unfair nor burdensome. According to Pro Image, its first request for production of documents consisted of seven requests narrowly focused on one element necessary to prove misappropriate of trade secrets, namely whether Cranel took reasonable measures to protect the confidentiality and secrecy of its alleged trade secrets. The second request, although focusing on 63 employees, only asked for three potential documents for each employees, which if such documents existed, would presumably be located in the personnel files of its employees and easily retrieved. The third request for documents, although numerous, was narrowly tailored to specific allegations of the amended complaint and potential

defenses. Cranel has not identified any specific request as objectionable, and Rule 26 does not limit the number of documents a party may request. Defendants maintain that Cranel simply does not want to provide discovery responses because they would be detrimental to its lawsuit.

Defendants argue that there has been no indication when the government will take action, and it would be unfair and prejudicial to deprive defendants of their ability to respond to this lawsuit by seeking information from Cranel to prove their defenses. Defendants further argue that although emails and electronic documents can be retrieved from backed-up systems, it is far costlier to do so than to produce documents that are easily accessible at the present time.

### III.   Discussion

Plaintiff's argument regarding unfairness is premature. Plaintiff has not served any discovery on Pro Image, so its argument that it is prevented from seeking discovery while it is subject to discovery has not been tested. Plaintiff has failed to identify any particular request as unduly burdensome, and the requests for discovery do not appear unreasonable on their face.

Plaintiffs are DIRECTED to serve requests for discovery on Pro Image. If Pro Image objects to the discovery requests, it should file a motion for a protective order supported by affidavit(s) asserting the facts it relies on to support its position that it should not be required to respond to the discovery. Even if defendant does move for a protective order, it must search for, locate and preserve all documents responsive to the

discovery requests so that they can be produced within 14 days after the lifting of the stay of discovery against the individual defendants. Plaintiff is GRANTED an extension of time to respond to defendants' current requests for discovery until after Pro Image has determined whether it will seek a protective order.

Plaintiff Cranel, Incorporated's ("Cranel") May 14, 2014 motion for a protective order and stay (doc. 54) is DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge